**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**NEXTRADE HOLDINGS, INC.,**

**Plaintiff,**

**v.** **Case No. 8:05-cv-1903-T-23TBM**

**PROTRADE SPORTS, INC., et al.,**

**Defendants.**
______________________________/

**O R D E R**

THIS MATTER is before the court on **Plaintiff's Motion to Compel Production of Documents Against Defendant, ProTrade Sports, Inc., and Memorandum in Support Thereof** (Doc. 43) and Defendant's response in opposition (Doc. 44).[1] By its motion, Plaintiff seeks an Order compelling Defendant to produce all documents responsive to Request Nos. 4, 6, 16, 17, 18, 19, 20, 29, 33, 43, and 44 of its First Request for Production of Documents served on December 15, 2005, striking Defendant's objections, and sanctioning Defendant for its unjustified failure to provide full discovery. In response, Defendant urges the court to deny Plaintiff's motion for failing to make a good effort to resolve this matter pursuant to Local Rule 3.01(g). Defendant also contends that denial is appropriate because Plaintiff has not identified why it needs more documents or explained what documents it has received, Defendant has produced all documents that are relevant, and Defendant's objections to the breadth of the requests are well-taken. (Doc. 44). A hearing on the motion was held

[1]In support of its response, Defendant submits the Declaration of its counsel, Ramsey M. Al-Salam. (Doc. 45).

September 1, 2006. Upon consideration, the motion (Doc. 43) is **GRANTED in part** and **DENIED in part** as set forth herein.[2]

As a preliminary matter and as discussed at the hearing, this appears to be a case where a Rule 30(b)(6) deposition of ProTrade Sports' CFO, conducted immediately, may benefit all counsels' understanding of the available documentary evidence. The parties are directed to cooperate in the scheduling and conduct of such deposition at the earliest possible date. All documents ordered produced by this Order shall be produced prior to or made available at such deposition. Any other relevant documents revealed at this deposition shall be promptly disclosed by the Defendant without the necessity of involving the court.

Regarding Request Nos. 4 and 6, No. 4 seeks documents that support or provide the basis for any of the admissions, denials, or contentions or that were otherwise relied upon in formulating the Amended Answer and Request No. 6 seeks documents that support or provide the basis for any of the factual or legal contentions or that were otherwise relied upon in formulating the Amended Affirmative Defenses. Defense counsel indicates that all such defensive documents have been produced. As to these requests, given counsel's representation at the hearing, and except as otherwise addressed below, the motion is denied without prejudice.

---

[2]The parties disagree as to whether Plaintiff complied with Local Rule 3.01(g) prior to filing its instant motion. Plaintiff states that it did make a good faith effort to resolve the matter, Defendant clearly disagrees. As indicated at the hearing, the court declines to deny the motion on this ground. However, the local rules contemplate that counsel *speak* to one another prior to filing a motion to compel; a letter alone is insufficient. In the future, the court expects that counsel will speak with each other before filing their motions.

Regarding Request Nos. 16-20, the Plaintiff seeks cost and deduction information pursuant to 15 U.S.C. § 1117; monthly, quarterly and annual financial statements since 2003; profit and loss statements since 2003; general ledgers for Defendant and any subsidiaries for the period since January 1, 2003, and copies of all bank statements since January 1, 2003. Generally, Defendant objects that the requests are irrelevant, overly broad and unduly burdensome but states that it has provided this information to the extent that it exists. As to these requests, the objections are overruled. To the extent that Defendant will assert as a defense to any claim of damages or otherwise that it has expended costs or incurred any other deductions available under 15 U.S.C. § 1117, the motion is granted.[3] Regarding any existent annual financial statements, profit and loss statements, and general ledgers compiled since January 1, 2003, in the name of ProTrade Sports or a subsidiary, not previously produced for examination or copying, the motion is likewise granted. In all other respects, the motion is denied as to these requests.

Regarding Request No. 29, Plaintiff seeks the identity of the persons who have directed or controlled ProTrade Sports' activities with respect to the "use of "ProTrade" in the name of your corporation and as a mark for your goods and services." Defendant objects that the request is over broad, unduly burdensome and seeks confidential information. At arguments, it urged that the controlling persons have been fully identified in interrogatory

[3]Defense counsel indicated at the hearing that Defendant would waive any claim to such costs and/or deductions; however, absent a formal agreement to do so, this is a relevant area of discovery and the request should be complied with.

responses. The motion is denied as to this request. It does appear that the controlling persons have been adequately identified.

Regarding Request Nos. 33, 43, and 44, Plaintiff seeks documents relating to, documenting, or evidencing ProTrade Sports' business plans since 2003; documents, including Private Placement Memorandums, circular offerings, communications, etc., related to the funding of ProTrade by certain specified individuals and anyone else; and documents, including but not limited to correspondence, e-mails, and notes, relating to ProTrade Sports' communications with or involvement with Brett Favre and Ben Roethlisberger. Defendant objects that the requests are overly broad, unduly burdensome, and seek confidential business information. At arguments, defense counsel indicated that he is unaware of any formal business plans, but that he has produced financial documents and documents sent to potential investors that should be adequate. As to these requests, the motion is granted in part. Defense counsel is directed to conduct a further inquiry with his clients to determine the existence of any responsive documents not previously disclosed that set forth a formal or informal business plan, reflect entreaties made by the Defendants to actual or potential investors, and which identify the business relationship between ProTrade Sports and the specified sport stars, if any. In all other respects and absent a greater showing, the motion is denied without prejudice.

Accordingly, **Plaintiff's Motion to Compel Production of Documents Against Defendant, ProTrade Sports, Inc., and Memorandum in Support Thereof** (Doc. 43) **is GRANTED in part** and **DENIED in part** as set out herein. To the extent that Defendant has already fully complied with or has no documents responsive to the requests addressed herein,

counsel shall so state in writing or on the record at ensuing depositions. Defendant remains under a continuing duty to supplement its prior responses, where appropriate, as required by Fed. R. Civ. P. 26(e).[4]

**Done and Ordered** in Tampa, Florida, this 1st day of September 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of Record

[4]As indicated at the hearing, the discovery deadline is hereby extended to October 26, 2006.