UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEXTRADE HOLDINGS, INC.,

        Plaintiff,

v.                                                    Case No. 8:05-cv-1903-T-23TBM

PROTRADE SPORTS, INC., et al.,

        Defendants.

_____/

**O R D E R**

THIS MATTER is before the court on **Defendant Protrade Sports, Inc.'s Motion**

**and Memorandum in Support of Motion to Compel and for Recovery of Attorney's Fees**

(Doc. 43).  By its motion, Defendant seeks an Order compelling Plaintiff to provide more

complete responses to Interrogatory Nos. 1, 2, 5, and 7, as well as verification of the same,

and to produce all documents responsive to its requests for production.  Defendant also seeks

the opportunity to pursue depositions of Plaintiff and third parties.  Defendant requests the

fees and costs associated with bringing its motion.[1]  Plaintiff responds that Defendant's

allegations are misleading, and it contends that it has maintained proper objections to the

discovery and its responses have fairly met and complied with the challenged requests.

Nonetheless, Plaintiff states it has already notified Defendant's counsel of its agreement to

amend its discovery responses to provide the additional information sought by Defendant, and

_____

[1]In support of its motion, Defendant submits the declaration of its counsel, Ramsey M.
Al-Salam.  (Doc. 51).

it therefore urges the court to deny the motion as moot.  (Doc. 53).  A hearing on this matter was conducted on October 20, 2006.

By Interrogatory No. 1, Defendant seeks a complete explanation of the circumstances relating to the alleged confusion that four witnesses' have experienced regarding Defendant's use of its business name and the addresses and/or contact information of the witnesses.  I find Plaintiff's response incomplete and thus, this aspect of the motion is granted.  Within <u>ten (10) days</u> of the date of this Order, Plaintiff shall provide the contact information for the four individuals it claims have been confused by Defendant's use of the ProTrade trademark, as well as the factual allegations surrounding those instances of alleged confusion.  To the extent that Plaintiff is aware of other persons or entities claiming to have experienced the same or other evidence of confusion, it shall provide those names and contact information, as well as the factual basis regarding each incident.

By Interrogatory Nos. 2 and 5, Defendant seeks complete information concerning how Plaintiff has used and is using its ProTrade trademark, including a description of the associated goods and services; the time period and the locations where the trademark was used in connection with such goods and services; and the manner in which Plaintiff has promoted or advertised its goods or services using its ProTrade trademark, including where and how long any advertising was published and the specific trade shows where the trademark has been used.  Again, I find Plaintiff's response incomplete and thus, this aspect of the motion is granted as well.  Within <u>ten (10) days</u> of the date of this Order, Plaintiff shall supplement its answers more particularly describing its past and present use of its ProTrade trademark,

2

including the use of the trademark in the advertising and/or promoting of its products and services.

By Interrogatory No. 7, Defendant seeks complete information concerning Plaintiff's customers, including what they have bought, how much they paid, and when.  Although Plaintiff has provided a list of names, Defendant alleges it has not provided addresses, contact persons, or other information that might indicate the nature of the goods and services [purchased].  As indicated previously, Plaintiff has agreed to provide certain customer information subject to the parties' protective order.  Thus, the court will not address the matter further on this motion.

Defendant also seeks verification of Plaintiff's responses to all interrogatories. Plaintiff responds that it never refused to provide verified responses and it states that Defendant's request for such is moot as verified answers to the interrogatories have already been served.  This request is denied as moot.  See (Doc. 53 at 9).  However, to the extent that Plaintiff provides more specific answers to the interrogatories addressed above, those answers shall be verified.

As for its requests for documents, Defendant seeks production of all documents relating to (1) Plaintiff's current "ProTrade" business, including any documents showing advertising or promotion or sales it has done in the last two years, and pages from the non-public portions of its web site; (2) all court papers, depositions and discovery responses in the

3

prior litigation, at least to the extent such responses do not include confidential information of opposing parties; and (3) any other documents that are responsive to its document requests.[2] As indicated at the hearing, the court reserves ruling on this aspect of the motion. Counsel promises Plaintiff will make a good faith production by next week and assures that at present, Plaintiff is searching for responsive, non-privileged documents.[3] If, after production has been made, Defendant is unsatisfied with the adequacy of the production, the court will reconvene the hearing on this motion.

As the court indicated at the hearing, the parties may, by agreement, move forward with remaining discovery even after the current discovery deadline, however, the other deadlines in the Case Management and Scheduling Order (Doc. 38) remain in effect, and if the parties wish to extend the other case management deadlines, a motion is required and should be made promptly.[4]

Pursuant to Rule 37, Defendant also seeks the fees and costs it incurred in bringing its instant motion. It contends that fees are warranted because it has made numerous good faith efforts to resolve the issues outlined above and there is no substantial justification for Plaintiff's position. As the court noted at the hearing, some matters still being sought are pretty basic to this type claim and the request is not without some merit. However, the court

---

[2]By Mr. Al-Salam's declaration and attached exhibits, it appears that these requests correspond to Request for Production Nos. 1, 3, 4, 20, and 22. See (Doc. 51 at 8).

[3]Plaintiff claims its efforts have been hampered by flooding at its business but states that it can make production by next week.

[4]The court expects counsel to cooperate in wrapping up needed discovery in this case in a timely fashion and without the unnecessary involvement of the court.

4

defers ruling on this request pending Defendant's receipt of Plaintiff's supplemental answers and document production.

Accordingly, **Defendant Protrade Sports, Inc.'s Motion and Memorandum in Support of Motion to Compel and for Recovery of Attorney's Fees** (Doc. 43) **is GRANTED** to the extent set forth herein.

**Done and Ordered** in Tampa, Florida, this 20th day of October 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of Record

5